UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:15-cv-81490-DMM

MARY ANNE TORONGO, on behalf of
herself and others similarly situated,

    Plaintiff,

v.

ROBERT G. ROY, D.V.M., M.S., P.A., a
Florida professional association d/b/a PALM
BEACH VETERINARY SPECIALISTS,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

COMES NOW the Plaintiff, MARY ANNE TORONGO, pursuant to Fed. R. Civ. P. 23(a), (b)(3) and (g), respectfully requests that this Court enter an order determining that this action under the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") against Defendant, ROBERT G. ROY, D.V.M., M.S., P.A. may proceed on behalf of the class.

For the reasons stated herein, Plaintiff also respectfully requests that the Court defer any briefing or hearings related to this Motion, and not rule on this motion until

---

[1] Although the 11th Circuit in *Jeffrey M. Stein, D.D.S., M.S.D., P.A. v. Buccaneers L.P.*, 772 F.3d 698 (11th Cir., 2014) held that an unaccepted F.R.C.P. 68 offer of complete relief to the named Plaintiff but not the class members does not moot a class action, this motion is being filed to avoid any attempt to "buy off" the named Plaintiff pursuant to *Damasco v. Clearwire, Corp.*, 662 F.3d 891, 896-897 (7th Cir. 2011)("class action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs… Although discovery may in some cases be unnecessary to resolve class issues, see *3 Alba Conte & Herbert B. Newberg*, Newberg on Class Actions § 7.8, at 25 (4th ed. 2002), in other cases a court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class.")

such time as the parties have had an adequate opportunity to conduct discovery and submit appropriate memoranda of law on the issue of class certification,

Plaintiff proposes the following class definition, subject to amendment as appropriate:

> *(i) All persons in the State of Florida (ii) who, when making a payment for veterinary services to Defendant, (iii) made such payment using a credit or debit card (iv) and were provided with a point of sale receipt (v) which displayed the expiration date of said debit or credit card (vi) within two (2) years prior to the filing of the complaint.*

Defendant provided Plaintiff and others similarly situated, receipts that contained the expiration date of their credit or debit card in direct violation of 15 U.S.C. § 1681c(g)a. Plaintiff anticipates that the proposed class definition will change after discovery defines the precise contours of the class.

## I. ARGUMENT

While the current law in this Circuit does not allow a defendant's unaccepted Rule 68 Offer to moot a class representative's claim, the question is currently before the Supreme Court in *Campbell- Ewald Company v. Jose Gomez* (Case No.: 13-55486). While the Plaintiff does not concede that an unaccepted Rule 68 Offer would moot the instant class action, the Supreme Court has not issued an opinion addressing the issue.

The 7th Circuit in *Damasco v. Clearwire*, 662 F.3d 891, 895-95 (7th Cir. 2011) has stated "[A] plaintiff cannot avoid mootness by moving for class certification after receiving an offer of full relief." Damasco and other case law presents a dilemma for Plaintiff as to how best avoid being "picked off" by a defendant seeking to evade class-wide liability. The 7th Circuit described this dilemma as the "buy-off problem," but also identified a "simple solution": "Class-action plaintiffs can move to certify the class at the

same time that they file their complaint." *Damasco,* 662 F.3d at 896. The pendency of that motion then protects a putative class from any attempts to buy-off the named plaintiffs. *Id*. In recognition of the fact that motions for class certification often require extensive discovery and investigation, the Damasco Court further suggested that the plaintiffs "also ask the district court to delay its ruling to provide time for additional discovery or investigation."

In light of the above and Plaintiff's desire to certify a class in this matter, Plaintiff respectfully requests that this Court enter and continue this motion until Defendant responds to class discovery, grant Plaintiff leave to file a memorandum of law in support of class certification, and subsequently an order certifying the Class set forth above. Doing so will preserve the appropriate interests of the parties and the putative class members, and will allow the Court to establish a reasonable schedule for briefing the class certification motion in full.

## II. NATURE OF THE CASE

This class action complaint is based upon Defendant's violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq., as amended* (the "FCRA"). Specifically, this action is based upon Section 1681c(g) of the FCRA, which states that, "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."

Despite the clear language of the statute, Defendant chose not to comply with the FCRA. As such, all consumers who purchase goods and services from Defendant using a

credit or debit card suffered violations of Section 1681c(g), have been uniformly burdened with an elevated risk of identity theft, and are entitled to an award of statutory damages.

### III. RULE 23 IS SATISFIED

**A.   Numerosity.**

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, Defendant provided receipts containing the expiration date of credit or debit cards to at least 40 consumers. Individual joinder of absent class members is impracticable.

**B.   Commonality.**

Rule 23(a) also requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is not required on every question raised in a class action. Rather, Rule 23 is satisfied when the legal question "linking the class members is substantially related to the resolution of the litigation." *DeBoer v. Mellon Mortgage Co.,* 64 F.3d 1171, 1174 (8th Cir. 1995) *citing Paxton v. Union Nat'l Bank,* 688 F.2d 552, 561 (8th Cir. 1982) (quoting *American Fin. Sys., Inc. v. Harlow,* 65 F.R.D. 94, 107 (D.Md.1974)), *cert. denied*, 460 U.S. 1083, 103 S.Ct. 1772, 76 L.Ed.2d 345 (1983). Here, the commonality test is met because the Defendant engaged in a general policy that is the focus of the litigation by printing the expiration date of credit or debit cards on receipts provided to cardholders. *See* 15 U.S.C. § 1681c(g).

**C.   Typicality.**

Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).

Plaintiff's claims and the other proposed class members' claims all arise from Defendants' policy of printing credit or debit card expiration dates on receipts provided to cardholders. Thus, all class member claims' arise from the same transaction or occurrence.

D.  **Adequacy of Representation.**

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There is no antagonism between the interests of Plaintiff and those of the other class members. Plaintiff's counsel is an experienced lawyer and is adequate counsel for the class.

E.  **Predominance.**

Rules 23(b)(3) requires that common questions of law or fact predominate over individual questions. As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute. Common fact issues also predominate.

F.  **Superiority.**

Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims. Certifying a class is the "superior" way when the "class action would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchen Prods. V. Windsor*, 521 U.S. 591, 615 (1997).

## **CONCLUSION**

The proposed class meets the requirements of Rules 23(a), (b)(3) and (g). Plaintiff requests that this Court enter and continue the motion for class certification until Defendant responds to class discovery, grant Plaintiff leave to file a memorandum of law in support of class certification, and subsequently enter an order certifying the class.

Respectfully submitted,

By: /s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No. 44460

CHRISTOPHER LEGG, ESQ.
*Attorney for Plaintiff and the Class*
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Telephone: 954-962-2333
Facsimile: 954-927-2451
ChrisLeggLaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email address denoted on the Electronic Mail Notice List, and I hereby certify that the foregoing document or paper will be served on the Defendant at the addresses indicated below.

Service List:

Robert G. Roy, D.V.M., M.S., P.A.
d/b/a Palm Beach Veterinary Specialists
3417 Northeast 30th Avenue
Lighthouse Point, FL 33064

By: /s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No. 44460

CHRISTOPHER LEGG, ESQ.
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Telephone: 954-962-2333
Facsimile: 954-927-2451
ChrisLeggLaw@gmail.com

*Attorney for Plaintiff and the class*