## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:15-cv-81490-DMM

MARY ANNE TORONGO, on behalf
of herself and others similarly situated
individuals,

                Plaintiff,

vs.

ROBERT G. ROY, D.V.M., M.S., P.A.,
d/b/a PALM BEACH VETERINARY
SPECIALISTS,

                Defendant.

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### DEFENDANT'S MOTION TO DISMISS

Plaintiff, Mary Anne Torongo ("Plaintiff"), by and through undersigned counsel, hereby

respectfully submits her response to Defendant, Robert G. Roy, D.V.M., M.S., P.A., d/b/a Palm

Beach Veterinary Specialists' ("PBVS") Motion to Dismiss for Failure to State a Claim for

Relief and for Lack of Jurisdiction [D.E. 31] and states the following in opposition:

### INTRODUCTION

Regardless of the label Defendant wants to use for the electronically printed receipts it

issues to consumers at the point of sale, it has violated a straightforward identity-theft prevention

measure under the Fair and Accurate Credit Transactions Act ("FACTA") that all merchants

must follow. Codified at 15 U.S.C. § 1681c(g), this provision states the following:

(g) Truncation of credit card and debit card numbers.

(1) In general. Except as otherwise provided in this subsection, no person that accepts
credit cards or debit cards for the transaction of business shall print more than the last 5

1

digits of the card number or the expiration date upon *any receipt* provided to the cardholder at the point of the sale or transaction.

(2) Limitation. This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.

(3) Effective date. This subsection shall become effective --

(A) 3 years after the date of enactment of this subsection [enacted Dec. 4, 2003], with respect to any cash register *or other machine or device that electronically prints receipts* for credit card or debit card transactions that is in use before January 1, 2005; and

(B) 1 year after the date of enactment of this subsection [enacted Dec. 4, 2003], with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005.

(emphasis added)

"[T]he less information the receipt contains the less likely is an identity thief who happens to come upon the receipt to be able to figure out the cardholder's full account information." *Redman v. Radioshack Corp.*, 768 F.3d 622, 626 (7th Cir. 2014). To facilitate enforcement of these prohibitions, the statute provides that any merchant who willfully violates either of them must pay statutory damages to the account holder. 15 U.S.C. § 1681n.

PBVS does not dispute that it violated the expiration date redaction requirement in FACTA. Instead, PBVS first argues that the subject receipt is not a "receipt" for the purposes of FACTA. In support of this argument PBVS points to the receipt's label, the receipt's size, and the purpose of FACTA. This argument is incorrect because the electronically printed receipt given to Plaintiff at the point of sale by PBVS fits the common usage of the word "receipt." Further, the subject receipt's size has no bearing on whether it should be considered a "receipt" under FACTA as the statute explicitly uses the words "any receipt." Lastly, PBVS's interpretation of the subject receipt as a document that is not governed by FACTA would go

against the purpose of the statute, which is to protect consumers from identity theft by limiting the amount of sensitive personal information printed on any receipt.

PBVS's next argues that Plaintiff has failed to state a claim for a willful violation of FACTA because of its interpretation of the statute. The Supreme Court holds that a willful violation is one that is knowing *or* reckless. *See Safeco Ins. Co of Am. v. Burr*, 551 U.S. 47, 57 (2007). At the pleading stage, Plaintiff has alleged ample facts to show PBVS's violation of FACTA was both knowing and reckless. PBVS's violation was knowing because, among other things, it promised Plaintiff's credit card network that it would comply with FACTA's credit card expiration date redaction requirement. PBVS's violation was reckless because its conduct created a risk of violating the law that is so obvious it should be known. PBVS demonstrated this reckless conduct by redacting the credit card numbers and expiration date on one of the two receipts it provided to Plaintiff at the point of sale, while printing a visible expiration date on the second receipt issued to Plaintiff.

PBVS's final argument for dismissal states that Plaintiff has failed to allege an injury-in-fact as required by Article III of the Constitution. It should be noted that this matter has previously been briefed and this Court has denied a motion to stay by PBVS based on the same arguments. As will be shown in further detail below, Plaintiff has met the injury-in-fact requirement necessary for Article III standing pursuant to current binding precedent. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 578 (1992), *citing Warth v. Seldin*, 422 U.S. 490, 500 (1975) ("[T]he… injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.").

PBVS also moves to strike portions of the complaint, claiming they are immaterial, impertinent, and scandalous. It is generally accepted that motions to strike are disfavored as an

extreme remedy. The portions of the complaint and attachments that PBVS seeks to have stricken only serve to bolster Plaintiff's claims. Further, PBVS offers nothing to show that these allegations cause it any prejudice. Because of all the foregoing reasons, PBVS's motion should be denied in its entirety.

**ARGUMENT**

**I.      THE RECEIPT PLAINTIFF RECEIVED FROM DEFENDANT AT THE POINT OF SALE IS A "RECEIPT" PURSUANT TO FACTA.**

On or about August 25, 2015, Plaintiff brought her dog to PBVS for veterinary care. [D.E. 1, ¶ 26]. Plaintiff paid for the veterinary services and PBVS issued her an electronically printed receipt at the point of sale that revealed the expiration date of her credit card. [D.E. 1, ¶ 30]. PBVS now incorrectly argues that the receipt given to Plaintiff during this transaction was not a "receipt" pursuant to FACTA because it was labeled a "Bill for Services." [D.E. 31, p. 5]. PBVS further argues that the subject receipt does not comport with an imaginary size requirement and that it was Congress's intention to thwart identity theft by limiting consumer protections in FACTA to only small pieces of paper. [D.E. 31, pp. 5–10].

In *Haslam v. Federated Dep't Stores, Inc.,* 2008 WL 5574762 (S.D. Fla. May 8, 2008) this Court stated:

> In the Eleventh Circuit, a court begins its construction of a statutory provision with the words of the statutory provision itself. *CBS Inc. v. Primetime 24 J.V.*, 245 F.3d 1217, 1222 (11th Cir. 2001) (citation omitted). '[W]hen the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last.' *Id.* (quoting *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1186 (11th Cir. 1997)). In such a case, there is no need to resort to legislative history. *Id.* (quoting *United States v. Gonzales,* 520 U.S. 1, 6, 117 S. Ct. 1032, 137 L. Ed. 2d 132 (1997)). 'Courts must assume that Congress intended the ordinary words it used, and absent a clearly expressed legislative intent to the contrary, that language is generally dispositive.' *Gonzalez v. McNary*, 980 F.2d 1418, 1420 (11th Cir. 1993) (citation omitted).

On its face, FACTA plainly states that it is illegal for a business to print a credit card expiration date upon *any receipt* given to a consumer at the point of sale. *See* 15 U.S.C. § 1681c(g). The statutory words "any receipt" should alone be enough to overcome PBVS's argument for dismissal. However, assuming that the statute's language is not explicit, the controlling determination of whether the subject receipt is a "receipt" under FACTA is simply whether what PBVS printed, regardless of the label, fits within the definition of a "receipt." Because FACTA does not define the term "receipt" this Court may look to the common usage of the word "receipt" and the canons of construction. *See Halsem* 2008 WL 5574762 (*quoting Consolidated Bank, N.A. v. United States Dep't of the Treasury*, 118 F.3d 1461, 1464 (11th Cir. 1997)). When determining the common usage of the term "receipt", this Court may look to dictionary definitions. *See Id. quoting CBS Inc.*, 245 F.3d at 1223.

According to Black's Law dictionary the definition of a "receipt" is a "written acknowledgment that something has been received." *Black's Law Dictionary* (10th ed. 2014). Merriam-Webster defines a "receipt" as "a piece of paper on which the things that you buy or the services that you pay for are listed with the total amount paid and the prices for each."[1] The receipt at issue fits both definitions as it is a piece of paper that identifies in writing the merchant, the customer, the date of the sale, the total amount of payment received from the customer, the specific services purchased, the price of the services, and the form of payment - including a partially redacted credit card number and a visible credit card expiration date.

With regard to PBVS's argument that the subject receipt is too large to be a receipt, Congress did not place a size restriction on what constitutes a receipt when enacting FACTA, instead Congress specifically chose the words "any receipt." Merriam-Webster defines the word

---

[1] See http://www.merriam-webster.com/dictionary/receipt (last visited: 12/30/15)

"any" as "unmeasured or unlimited in amount, number or extent."[2] Using the word "any" in this context it is well founded that all receipts – PBVS gives consumers two receipts at the point of sale – given to consumers are what Congress was concerned with when enacting FACTA. If Congress wanted to specifically restrict the size of a "receipt" under the statute it would have done so. "[W]here Congress knows how to say something but chooses not to, its silence is controlling." *Delgado v. U.S. Atty. Gen.*, 487 F.3d 855 (11th Cir. 2007).

Lastly, one of the main purposes of FACTA was to prevent identity theft. *See* the Fair and Accurate Credit Transaction Act of 2003, Pub. L. No. 108-159, § 1, 11 Stat. 1952, 1952. Also, it is generally held that consumer statutes such as FACTA are remedial in nature and should be construed broadly. *See Travelers Prop. Cas. Co. of Am. v. Kan. City Landsmen, L.L.C.*, 592 Fed. Appx. 876 (11th Cir. 2015). PBVS's arguments that because the subject receipt is too large and that it was labeled something other than a receipt are counterintuitive to the purpose of FACTA. *See, e.g., Nat'l Wildlife Fed'n v. Marsh*, 721 F.2d 767, 778 (11th Cir. 1983) ("statutory language is to be interpreted in a way that accomplishes the obvious purpose of Congress in enacting the statute."). Because of FACTA's unambiguous language, the common meaning of the term "receipt," the lack of a specific size requirement for a "receipt" under FACTA, and the purpose of the statute, Defendant's arguments for dismissal should be denied.

## II.   PURSUANT TO FEDERAL PLEADING STANDARDS, IT IS DEFENDANT'S BURDEN TO SHOW PLAINTIFF'S CLAIM IS MERELY SPECULATIVE.

"On a motion to dismiss for failure to state a claim … the only issue is whether a 'construction of the factual allegations will support the cause of action.'" *Steinberg v. Stitch & Craft, Inc.*, No. 09-cv-60660 (S.D. Fla. Aug. 18, 2009), *quoting Marshall County Bd. of Educ.*, 992 F.2d 1171 (11th Cir. 1993). As the movant under Federal Rule 12(b)(6), PBVS has the

---

[2] See http://www.merriam-webster.com/dictionary/any (last visited 12/30/15)

burden of proving the complaint does not adequately plead Plaintiff's FACTA claim. *See Sprint Solutions, Inc. v. Fils- Amie*, No. 14-cv-60224, 2014 U.S. Dist. LEXIS 128020 at \*8 (S.D. Fla. Sept. 12, 2014). To adequately state a claim, the complaint need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means a complaint need only contain enough facts to make the claim "plausible." *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010), *citing Twombly*, 550 U.S. at 570.

A claim is plausible if, taking Plaintiff's allegations as true and construing them in her favor, the complaint allows the court to reasonably infer that PBVS is liable for the conduct alleged. *See Speaker*, 623 F.3d at 1380, *citing Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Specific or detailed allegations are not required. *Erickson*, 551 U.S. at 93 ("Specific facts are not necessary."); *Twombly*, 550 U.S. at 555 ("a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations.") There simply "must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (citation omitted). The pleading must only contain enough factual matter when (taken as true) suggests the required elements of the alleged claims. *Id.* Also, it is not necessary to plead facts sufficient to show that it is "likely" that the plaintiff will win. *Speaker*, 623 F.3d at 1380 ("a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."), *quoting Twombly,* 550 U.S. at 556. Thus, to sustain its motion to dismiss, PBVS must prove that Plaintiff's allegations are so lacking that her claim is nothing more than speculative.

PBVS has not and cannot meet the requisite burden.

A.     THE FACTS AND FACTA.

PBVS states in its motion to dismiss that the complaint fails to state a claim for a willful violation of FACTA because its interpretation of the statute is not objectively unreasonable. [D.E. 31, p. 11]. PBVS is not entitled to ignore the complaint's allegations and all of the following facts must be taken as true and construed in Plaintiff's favor (*Speaker*, 623 F.3d at 1379):

- In 2003, FACTA was enacted by Congress and signed into law. [D.E. 1 ("Complaint"); ¶ 8) After enactment, FACTA provided three years in which to comply with its requirements, mandating full compliance with its provisions by no later than December 4, 2006. [*Id.*, ¶ 11]. FACTA clearly prohibits the printing of more than the last five digits of a consumer's credit or debit card number and the expiration date to protect persons from identity theft. [*Id.*, ¶ 25].

- The requirement was widely publicized among retailers and the Federal Trade Commission. [*Id.*, ¶ 12]. The card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date. [*Id.*, ¶ 15]. For example, the August 12, 2006 edition of "Rules for Visa Merchants," (p. 62), which is distributed to and binding on all merchants that take VISA cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and that "the expiration date should not appear at all." [*Id.*, ¶ 16]. Within 24 hours, Mastercard and American Express announced they were imposing similar requirements. [Id., ¶ 14].

- Because a handful of large retailers did not comply with their contractual obligations with the card companies and the straightforward requirements of FACTA, Congress

passed the "Clarification Act" to provide amnesty for past violations of FACTA. [*Id.*, ¶ 17].

- Card processing companies continued to alert merchants of FACTA's requirements. According to a Visa Best Practice Alert in 2010: … the United States Fair and Accurate Credit Transactions Act (FACTA) of 2006 prohibits merchants from printing... the card expiration date on *any cardholder receipt*. [*Id.*, ¶ 19].

- Not only was Defendant informed it could not print more than the last five numbers, it was contractually prohibited from doing so. Defendant accepts credit cards from all major issuers; these companies set forth requirements that merchants, including Defendant, must follow, including FACTA's redaction and truncation requirements. [*Id.*, ¶ 20].

- To pay for the veterinary services received on August 25, 2015, Plaintiff provided Defendant with her credit card. In return, Defendant gave Plaintiff an electronically printed receipt. This receipt included the expiration date of Plaintiff's credit card, in direct violation of the Receipt Provision of FACTA. [*Id.*, ¶ 30]. Sometime after Plaintiff used her credit card to pay for her veterinary care, she received a fraudulent activity alert on her account. [*Id.*, ¶ 31].

- It is Defendant's policy and procedure to issue an electronically printed receipt to individuals at the point of sale – i.e., immediately upon receipt of a credit card payment. [*Id.*, ¶ 34]. Consistent with Defendant's policy and procedure, Defendant knowingly, intentionally, and/or with reckless disregard includes credit and debit card expiration dates on its electronically printed receipts. [*Id.*, ¶ 35]. Along with the expiration date, the receipt generated at the point of sale also displays certain other

sensitive information, including the consumer's name, address, telephone number, type of credit card and date of service. [*Id.*, ¶ 36].

- The Defendant cannot electronically store an image of the receipt (bearing the expiration date) unless the software utilized by Defendant is specifically programmed to reveal the expiration date on the receipt generated at the point of sale. Unlike the storage of credit card account numbers, swiping a card dos not record the credit card's expiration date. [*Id.*, ¶ 37].

- The expiration dates are not printed accidentally. [*Id.*, ¶ 38]. Defendant cannot subsequently charge a consumer's credit card, unless it possesses two critical pieces of information, to wit: the credit card account number and the credit card expirati*on* date. [*Id.*, ¶ 42].

- Further evidencing that Defendant possessed some level of knowledge regarding FACTA, Defendant generates and issues two receipts at the point of sale. One of the receipts Defendant generates is FACTA compliant while the second receipt is not. [*Id.*, ¶ 45].

- Notwithstanding the fact that it had years to comply, Defendant continues to issue receipts at point of sale transactions, which contain the expiration date of credit or debit cards, in direct violation of the Receipt Provision of the FCRA. [*Id.*, ¶ 47]. Notwithstanding the Receipt Provision, Defendant continues to deliberately, willfully, intentionally, and/or recklessly violate FACTA by issuing receipts, which do not comply with the FCRA. [*Id.* ¶ 48].

**B.     PBVS HAS NOT AND CANNOT MEET ITS BURDEN OF PROVING THAT PLAINTIFF'S WILLFULNESS CLAIM IS SPECULATIVE.**

10

The Supreme Court holds that a willful violation is one that is knowing *or* reckless. *See Safeco*, 551 U.S. 47, 57 (2007). The Supreme Court also holds that a plaintiff need not allege detailed facts to state a claim that is plausible. *See Twombly*, 550 U.S. at 555. As explained below, Plaintiff's allegations plausibly show that PBVS's violation of the expiration date redaction requirement in FACTA was both knowing *and* reckless. Thus, in two ways, PBVS's motion to dismiss should be denied.

### i.    PBVS KNOWINGLY VIOLATED FACTA.

Plaintiff's complaint adequately alleges that PBVS knowingly violated the expiration date redaction requirement of FACTA as it pleads facts showing that PBVS was aware of the requirement, yet intentionally violated it anyway. [D.E. 1, ¶¶ 20, 25, 35]. PBVS was aware of the expiration date redaction requirement because it accepts cards from all major card issuers and contractually promised them that it would comply with the requirement. [*Id.*, ¶ 20]. The merchant rules for VISA (Plaintiff's card issuer) state that with regard to customer receipts "the expiration date should not appear at all," American Express instructs its merchants that "[p]ursuant to Applicable Law,....do not print the Card's Expiration Date on the copies of Charge Records delivered to Card Members," and MasterCard instructs its merchants that: "A Transaction receipt ... must not include the Card expiration date." [*Id*. 1, ¶¶ 16, 21, 22]. It is not only plausible that PBVS knows the terms of the contracts it signs – it is presumed. *See Hall v. Burger King Corp.*, 912 F. Supp. 1509, 1521 (S.D. Fla. 1995) ("a person who signs a contract is presumed to know its contents."), *quoting Swift v. N. Am. Co. for Life & Health Ins.*, 677 F.Supp. 1145, 1150 (S.D. Fla. 1987).

It is also plausible that a sophisticated business like PBVS learned of the expiration date requirement because, in addition to the demands of credit card issuers, the law was widely

publicized when it was enacted in 2003 [D.E. 1, ¶¶ 7-16], it made headlines again in 2008 when Congress granted amnesty for past violations [*Id.*, ¶ 18], and numerous judicial opinions have been issued over the years ruling it is illegal to print expiration dates on receipts. *See Dover v. Shoe Show, Inc.*, No. 12-694, 2013 U.S. Dist. LEXIS 59418 at *7 (W.D. Pa. Mar. 19, 2013) (stating that the Complaint filed by the Plaintiff alleged sufficient publicity and guidance from credit card processors to place a sophisticated retailer on notice of its obligations under FACTA.)

Despite the foregoing, PBVS has deliberately violated FACTA's expiration date redaction requirement. [D.E. 1, ¶¶ 47-50]. It did this by intentionally programming its equipment to print expiration dates on receipts so that a copy of that information is stored with the card number in its database for future use. [*Id.*, ¶¶ 35-38]. These allegations are sufficient to show that PBVS's violation of the expiration date requirement was knowing, and thus willful:

> Plaintiff's allegations of willfulness are based on disclosures provided by major credit card companies to merchants following the enactment of FACTA. *See* Compl. PP 15-17. Plaintiff alleges that Defendant had actual and constructive knowledge of FACTA's requirements several years before it was required to come into compliance, but nonetheless ignored these requirements after FACTA became effective. *Id.* at PP 8, 20. The Complaint states that major credit card companies 'notified the merchants, *including the Defendant,* that the FACTA prohibited the printing of more than the last five digits of the credit/debt card number and/or the expiration dates associated with the credit/debit card account and that they were required to comply with the FACTA.' *Id.* at P 15 (emphasis added). Finally, the Complaint alleges Defendant violated FACTA because it 'did not wish to incur the additional expense of reprogramming or updating its point-of-sale equipment.' *Id.* at P 21. These allegations are sufficient....

*Steinberg v. Stitch & Craft, Inc.*, No. 09-60660, 2009 U.S. Dist. LEXIS 72908, *6- 7 (S.D. Fla. Aug. 18, 2009); *see also Muransky v. Godiva Chocolatier, Inc.,* No.15-cv-60716 (S.D. Fla. Sept. 2, 2015) ("Courts within this Circuit, including this Court, when faced with allegations similar to Plaintiff's here, found such allegations to be sufficient to state a claim."); *Lavery v. Radioshack Corp.*, No. 13-cv-5818, 2014 U.S. Dist. LEXIS 85190 at *5-6 (N.D. Ill. June 23, 2014) ("Such

allegations have repeatedly been held sufficient to survive the pleading stage."); *In Re: The TJX Cos., Inc. Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 2008 U.S. Dist. LEXIS 38258 at *10 (D. Kan. May 9, 2008) ("Courts have almost uniformly rejected the argument that such allegations do not sufficiently allege willful violations of the statute.").

ii.     PBVS'S VIOLATION WAS AT LEAST RECKLESS.

"Recklessness" is an objective standard. *Safeco*, 551 U.S. at 68-69. It does not require subjective knowledge of the law's requirements. *See Rosenthal v. Longchamp Coral Gables LLC*, No. 08-21757, 2009 U.S. Dist. LEXIS 59084 at *5- 6 (S.D. Fla. June 29, 2009); *Murray v. New Cingular Wireless Servs., Inc.* 523 F.3d 719, 726 (7th Cir. 2008). Instead, conduct is reckless "if it was 'objectively unreasonable' in light of 'legal rules that were 'clearly established' at the time.'" *Fuges v. Southwest Fin. Servs., Ltd.*, 707 F.3d 241, 249 (3rd Cir. 2012), *quoting in part Safeco*, 551 U.S. at 69-70. Put another way, "recklessness" is conduct creating an unreasonable risk of violating the law that is so obvious it should be known. *See Safeco*, 551 U.S. at 68-69.

The expiration date redaction requirement in FACTA is simple, absolute and unambiguous. *See Redman*, 2014 U.S. App. LEXIS 18181 at *6 ("The known or obvious risk in this case would be failing to delete the expiration date on the consumer's credit-card or debit-card purchase receipt."). It has been on the books since 2003 and its enactment was widely publicized. [D.E. 1, ¶¶ 8, 12]. All major credit card organizations put their merchants (including PBVS) on notice of FACTA's requirements and contractually require them to comply with it and it was put back in the spotlight in 2008 when Congress gave amnesty for past violations of the requirement. [*Id.*, ¶¶ 17, 18]. The statute has remained unchanged and continued to apply to all merchants in the years since being enacted, and numerous court decisions have held that printing

13

an expiration date on a receipt is illegal. *See Hedlund v. Hooters of Houston*, No. 2:08-CV-45, 2008 U.S. Dist. LEXIS 38926 at *11 (N.D. Tex. May 13, 2008) ("We join the numerous other courts who have found FACTA to be unambiguous, stating that printing the expiration date on a receipt is a violation of the law.")

Accordingly, for recklessness, the issue remains simply whether PBVS's intentional decision to print the expiration date on the receipt given to Plaintiff at the point of sale is unreasonable in light of the law that expressly prohibits it from doing so.[3] Plaintiff's allegations clear this low bar. PBVS's conduct was objectively unreasonable because it intentionally programmed its equipment to print expiration dates on receipts even though FACTA's expiration date restriction is simple, absolute and unambiguous. *See Buechler v. Keyco, Inc.*, No. 09-2948, 2010 U.S. Dist. LEXIS 40197 at *8 (D. Md. Apr. 22, 2010) (§1681c(g)(1) "is unambiguous."). In short, Plaintiff has also plausibly alleged that PBVS's violation of FACTA was reckless.

### iii.    PBVS'S INTERPRETATION OF FACTA.

As a threshold matter, "whether a Defendant knew it was violating FACTA or made a reasonable mistake when it acted is a question of fact for a later stage of the proceedings." *See Redman*, 2015 U.S. Dist. LEXIS 7552 at *6. Despite the foregoing, the assumption by PBVS that the subject receipt was not governed by FACTA has no foundation in the statutory text and ignores the test for recklessness. FACTA's statutory language "any receipt" could not be more clear. Further, PBVS demonstrated its awareness of FACTA's terms by satisfying the credit card

---

[3] In this case, PBVS's conduct constitutes recklessness in the extreme. PBVS's receipts contain a large amount of sensitive personal information. In addition to the partially redacted credit card number and plainly visible expiration date, PBVS's receipts include the consumer's name, home address, and telephone number. Armed with one of these receipts, an identity thief can place a simple phone call to the victim and posing as a PBVS representative, bolstering his credibility by reciting all of the details of the victim's visit to PBVS, and exploiting the patient's trust to get the missing digits from the customer's credit card.

expiration date redaction requirement on one of the two receipts it gave to Plaintiff, and yet it deliberately programmed its equipment to print the expiration date on the second receipt, so it could capture that information in its database for future use. [D.E. 1, ¶¶ 35, 37, 38, 43, 45]. Common sense would dictate that if a business is required to redact certain personal information on receipts given to consumers in order to protect them from identity theft, printing the expiration date on one of the two receipts given to Plaintiff would be putting her at risk. *See Chesbro v. Best Buy Stores, L.P.*, 697 F.3d 1230 (9th Cir. Wash. 2012) (stating that the Telephone Consumer Protection Act, another consumer protection statute, should be approached with "a measure of common sense.").

Because PBVS should have known of FACTA's expiration date redaction requirement and intentionally printed the expiration date of Plaintiff's credit card on the receipt given to her at the point of sale, its conduct created an unreasonable risk of violating the law. PBVS cannot articulate any reasonable interpretation of the law that would allow it to print the expiration date on one of the two receipts it gives to consumers at the point of sale, while at the same time redacting the expiration date on the second. Therefore, Plaintiff has, at a minimum, plausibly alleged that PBVS's violation of FACTA was reckless.

## III. PBVS's MOTION TO STRIKE SHOULD BE DENIED.

PBVS also moves to strike a large portion of the complaint, which describes Defendant's misdeeds, claiming the allegations are immaterial, impertinent and scandalous. PBVS also takes issue with the Yelp excerpts attached to the complaint, however, it fails to meet its burden of showing that the presence of these allegations cause it prejudice. *See FTC v. Alcoholism Cure Corp.*, No. 10-cv-266, 2010 U.S. Dist. LEXIS 127836 at *8 (M.D. Fla. Nov. 23, 2010) ("A Rule 12(f) motion to strike has been characterized as a 'drastic remedy' which is rarely granted absent

a showing of prejudice.") (citation omitted); *see also Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 WL 5393265 (S.D. Fla. Dec. 21, 2010) ("Motions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.") The Yelp excerpts support Plaintiff's allegations concerning PBVS's billing policies and procedures and the section entitled "Defendants' Misdeeds" directly support Plaintiff's allegations of a willful violation of FACTA. PBVS's request to strike should be denied.

**IV.    PLAINTIFF MEETS THE INJURY-IN-FACT REQUIREMENT UNDER CURRENT LAW.**

Although this Court has already rejected this argument, PBVS continues to claim that Plaintiff does not have Article III standing. Current binding law states that "the… injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 578 (1992), *citing Warth v. Seldin*, 422 U.S. 490, 500 (1975); *see also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982). Congress must "identify the injury it seeks to vindicate and relate the injury to the class of persons entitled to bring suit." *Massachusetts v. EPA*, 549 U.S. 497, 516-17 (2007), *citing Lujan*, 504 U.S. at 580-81.

In FACTA, Congress identified the injuries it sought to vindicate, finding that the inclusion of certain credit and debit card information on transaction receipts contributed to identity theft and credit card fraud. Congress then banned merchants from electronically printing the expiration date of any person's credit or debit card on any receipt given to consumers at the point of sale. 15 U.S.C. §1681c(g)(1). Congress also granted any person for whom this right was violated the ability to sue for statutory damages, injunctive relief and attorneys' fees and costs if the violation was willful. 15 U.S.C. §1681n. Plaintiff meets these elements as she received an

electronically printed receipt from Defendant at the point-of-sale that contained the expiration date of her credit card. [D.E. 1, ¶ 30].

As stated above, Supreme Court precedent has established that a violation of a personal statutory right is sufficient harm to confer standing, even if the plaintiff cannot show any additional harm beyond a statutory violation. *See Vt. Agency of Natural Res. v. United States*, 529 U.S 765, 773 (2000) ("The interest must consist of obtaining compensation for, or preventing, the violation of a legally protected right."). The Eleventh Circuit holds the same. *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1330-31 (11th Cir. 2013); *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1251 (11th Cir. 2015), *quoting Warth*, 422 U.S. at 500; *Watts v. Boyd Properties*, 758 F.2d 1482, 1485 (11th Cir. 1985). Numerous federal appeals decisions confirm the proposition that the violation of a personal statutory right, standing alone, is sufficient harm to confer Article III standing. *See Beaudry v. TeleCheck Services*, Inc., 579 F.3d 702, 707 (6th Cir. 2009); *Hammer v. Sam's East, Inc.*, 754 F.3d 492, 498 (8th Cir. 2014) ("the actual-injury requirement may be satisfied solely by the invasion of a legal right that Congress created. This is not a novel principle within the law of standing."). Pursuant to binding precedent, the Plaintiff has Article III standing due to Defendant's violation of her personal statutory rights under FACTA. Therefore, Defendant's argument that Plaintiff lacks Article III standing should be denied.

Even in the absence of a statutory presumption of injury, the showing of "injury" required to establish Article III standing is not insurmountable. *See Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1351 (11th Cir. 2009) ("The Supreme Court has rejected the argument that an injury must be 'significant'; a small injury, 'an identifiable trifle,' is sufficient to confer standing."), *citing United States v. Students Challenging Regulatory Agency Procedures*, 412

U.S. 669, 689, n.14 (1973). Along these lines, non-economic harm does not have to be substantial to confer standing. As the Eleventh Circuit recognized in *Palm Beach Golf* that the mere inconvenience of a phone line being occupied for a few moments by a junk fax sender is an injury sufficient to establish standing. 781 F.3d 1245, 1251 (11th Cir. 2015); *see also Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1351 (11th Cir. 2009) (*citing United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 689, n.14 (1973)).

Plaintiff can show that she suffered an injury-in-fact beyond Defendant's violation of her personal statutory rights under FACTA. As with all merchants, a percentage of the monies Plaintiff paid to PBVS for the veterinary services rendered are used to protect her personal information. Admittedly, this percentage when calculated into real dollars and cents may be modest, but even a small injury is enough to confer Article III standing. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317 (11th Cir. Fla. 2012) (holding that a Plaintiff in a data breach case had Article III standing to bring a claim that was "fairly traceable" to the Defendant.) Moreover, once Plaintiff became aware of the potential for identity theft or credit card fraud from Defendant's exposure of her credit card information on her receipt, she was forced to take steps to prevent it from falling into the hands of a potential identity thief.

The non-economic harm described above meets Article III's injury-in-fact requirement because "harm" sufficient to confer standing does not have to be a monetary loss. *See Association of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150, 154 (1970) (non-economic values can confer standing); *see also Glassroth v. Moore*, 335 F.3d 1282, 1292 (11th Cir. 2003). In *Glassroth*, the Eleventh Circuit held that two plaintiffs had standing to sue for the removal of a religious monument from a public building because its presence forced them to take steps to avoid going into the building so they wouldn't have to see it. *Id., see also Jordan v. ER*

*Solutions, Inc.*, 900 F. Supp. 2d 1323, 2012 (S.D. Fla. 2012) (holding that Congress, under the Fair Debt Collection Practices Act, has provided debtors with the right to be free of certain forms of harassing communications and has created the legal right to obtain statutory damages."). Because of the foregoing, Plaintiff has Article III standing to bring the instant class action lawsuit.

### CONCLUSION

For the above-stated reasons, Plaintiff maintains that the receipt given to her at the point of sale by PBVS is a "receipt" under FACTA, the allegations in the complaint are more than sufficient to plausibly state a knowing or reckless violation of FACTA's expiration date redaction requirement, and she has Article III standing to bring this action pursuant to current binding precedent. Therefore, Defendant's motion to dismiss should be denied.

Dated: January 14, 2016

Respectfully submitted,

By:/s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No. 44460

CHRISTOPHER W. LEGG, P.A.
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Telephone: 954-962-2333
Facsimile: 954-927-2451
ChrisLeggLaw@gmail.com

Steven R. Jaffe (Fla. Bar No. 390770)
Email: steve@pathtojustice.com
Seth M. Lehrman (Fla. Bar No. 132896)
Email: seth@pathtojustice.com
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301

Telephone: (954) 524-2820
Facsimile: (954) 524-2822

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2016 I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email address denoted on the Electronic Mail Notice List, and I hereby certify that the foregoing document or paper will be served on the Defendant's counsels indicated below.

Service List:
Jason Oletsky, Esq.
Ari Gerstin, Esq.
Christopher Carver, Esq.

AKERMAN LLP
*Attorneys for Defendant*
One S.E. Third Avenue – 25th Floor
Miami, FL 33131
jason.oletsky@akerman.com
ari.gerstin@akerman.com

By:/s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No. 44460