UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:15-cv-81490-DMM

MARY ANNE TORONGO, on behalf of
herself and others similarly situated,

    Plaintiff,
v.

ROBERT G. ROY, D.V.M., M.S., P.A., a
Florida professional association d/b/a PALM
BEACH VETERINARY SPECIALISTS,

    Defendant.
_____/

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY AND INITIAL DISCLOSURES PENDING RULING ON DISPOSITIVE MOTION TO DISMISS

Defendant Dr. Roy replies in support of *Defendant's Motion to Stay Discovery and Initial Disclosures (*etc.*)* ("*Motion to Stay Discovery*"; ECF No. 34) and in response to *Plaintiff's Response in Opposition (*etc.*)* ("*Plaintiff's Opposition*"; ECF No. 36).

#### ARGUMENT

Nothing in *Plaintiff's Opposition* explains why the Court should not stay discovery pending a ruling on Dr. Roy's dispositive *Motion to Dismiss for Failure to State a Claim for Relief and Lack of Jurisdiction* ("*Motion to Dismiss*"; ECF No. 31). Discovery is completely unnecessary at this stage because the factual allegations in plaintiff Mary Ann Torongo's *Complaint for Damages and Injunctive Relief for Violations of the Fair and Accurate Credit Transaction Act 15 U.S.C § 1681c(g)* ("*Complaint*"; ECF No. 1), provide more than a sufficient basis for granting the *Motion to Dismiss* – indeed, Torongo's allegations show that dismissal is warranted because no additional facts are necessary to adjudicate the pending issues. Therefore, as discussed further below, the Court should grant the *Motion to Stay Discovery*.

At the outset, there is no dispute that the Court has the authority to stay discovery pending resolution of the *Motion to Dismiss*. Multiple Eleventh Circuit cases dating back to *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), confirm this principle. *See Motion to Stay Discovery* at 3 n.1; *see also Carter v. DeKalb Cnty.*, 521 F. App'x 725, 728 (11th Cir. 2013) (plaintiff was not entitled to discovery prior to a ruling on a motion to dismiss); *Redford v. Gwinnett Cnty. Jud. Cir.*, 350 F. App'x 341, 346 (11th Cir. 2009) (order staying discovery until ruling on a motion to dismiss was not an abuse of discretion); *Moore v. Potter*, 141 F. App'x 803, 807-08 (11th Cir. 2005) (same).

Significantly, as *Plaintiff's Opposition* highlights, this District abolished the Local Rule provision stating that stays pending a determination on a dispositive motion are disfavored. *See id.* at 2. Thus, the question is simply whether the Court's discretion is appropriately exercised in granting a stay of discovery in the circumstances of this case. Dr. Roy submits that this is precisely the type of case where a stay is most appropriate under *Chudasama* and its progeny.

Torongo has brought a single count seeking only statutory damages based on an alleged violation of Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C § 1681c(g). *See Complaint*. As explained in the *Motion to Dismiss*, the document upon which Torongo bases her claim is not a receipt governed by FACTA. *See id*. at 5-9. Accordingly, Torongo cannot state a claim as a matter of law and her claim should be dismissed without leave to amend. *See id.*

Alternatively, even if the Court were to conclude that the "Bill for Services" on which Torongo's claim is based is governed by FACTA, as a matter of law, she still cannot meet <u>her</u> burden to show that Dr. Roy's interpretation of FACTA is "objectively unreasonable." *See Motion to Dismiss* at 11-15. No statutory damages are awardable to Torongo under FACTA and her claims should be dismissed without prejudice, but with leave to amend only to plead actual

injury.[1] Any amended complaint would be substantially different from the *Complaint* and a claim based on Plaintiff's claimed actual injuries could not properly be brought as a putative class action due to the personalized evidence necessary to show actual injury for each individual class member.  *See, e.g.*, *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) ("if after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, [their] claims are not suitable for class certification"). Such an amendment would result in a drastically different case with much narrower discovery, which also militates in favor of the requested stay.

Although Torongo argues Dr. Roy would not suffer hardship by engaging in discovery prior to the disposition of the Motion to Dismiss, *see Plaintiff's Opposition* at 4, this is clearly incorrect – because, if Dr. Roy's legal position is correct, Torongo has no legal entitlement to such discovery whatsoever. Furthermore, it would be a waste resources for the parties to incur the significant time and expense of engaging in discovery. Torongo's argument ignores that the Eleventh Circuit's primary objective in the *Chudasama* line of cases is to relieve parties of the financial burdens exacted by discovery before a legally-dispositive motion to dismiss has been decided.  Touching on this point, the Eleventh Circuit noted:

> Although mechanisms for effective discovery are essential to the fairness of our system of litigation, they also carry significant costs.  Discovery imposes several

---

[1] Although Torongo asserts in her *Response in Opposition to Defendant's Motion to Dismiss* ("*Response in Opposition*"; ECF No. 35) that she "can show that she suffered an injury-in-fact," *Id.* at 17, the *Complaint* expressly seeks only "statutory damages" and eschews damages for "personal injury and claims related thereto." *See Complaint* at ¶ 56. In addition, the injuries Plaintiff now claims in the *Response in Opposition* are <u>not</u> pled in the *Complaint*. *Compare Response in Opposition* at 18 (speculating that "a percentage of the monies [Torongo] paid to [Dr. Roy] for the veterinary services rendered are used to protect her personal information" and asserting "she was forced to take steps to prevent [her credit card information] from falling into the hands of a potential identity thief'") *with Complaint* at ¶ 31 (only alleging that a "fraudulent alert" on her credit card account "may have been a result of the August 25, 2015 receipt").

> costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged.

*Chudasama*, 123 F.3d at 1367.

On the other hand, Torongo's claim of prejudice is unfounded. There is no risk of a "prolonged" or "protracted stay," *Plaintiff's Opposition* at 2, because the reply in support of the *Motion to Dismiss* is being filed concurrently with this Reply.

Finally, Torongo's claimed concern that documents will be lost or that memories will fade is insincere, at best, and wholly unfounded. A short stay will not be prejudicial. Furthermore, given the narrowness of the factual issues, Torongo would have more than ample opportunity to conduct whatever discovery she might be entitled to conduct if the Court determines that she has standing and the *Complaint* states a valid cause of action. No documents or records will be lost and there is no danger that witnesses will disappear.

Ultimately, a stay of discovery and initial disclosures would potentially save tremendous time and expense to the benefit of the parties and the Court with little, if any, risk of negative repercussions. *See, e.g., Chudasama*, 123 F.3d at 1368 ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided"). Therefore, the balance of harms and prejudice weighs heavily in favor of staying discovery and, accordingly, a stay is in order.

## CONCLUSION

WHEREFORE, for the reasons set forth above and in the *Motion to Stay Discovery*, Dr. Roy respectfully requests that the Court enter an order temporarily staying discovery and initial disclosure obligations pending a ruling on the *Motion to Dismiss*.

          Respectfully submitted,

Dated: January 25, 2016      **AKERMAN LLP**
          One Southeast Third Avenue –Suite 2500
          Miami, FL  33131-1714
          Tel: 305-374-5600
          Fax:  305-374-5095

          By:  /s/ Jonathan D. Lamet
           CHRISTOPHER S. CARVER, ESQ.
           Florida Bar No. 993580
           christopher.carver@akerman.com
           ARI H. GERSTIN, ESQ.
           Florida Bar No.:  0839671
           ari.gerstin@akerman.com
           JONATHAN D. LAMET, ESQ.
           Florida Bar No.: 106059
           jonathan.lamet@akerman.com

          *and*

           JASON S. OLETSKY, ESQ.
           Florida Bar No.:  0009301
           jason.oletsky@akerman.com
           Las Olas Centre II – Suite 1600
           350 East Las Olas Boulevard
           Fort Lauderdale, FL  33301-2999
           Tel. 954-463-2700
           Fax:  954-463-2224

          *Counsel for Defendant Robert G. Roy, D.V.M., M.S., P.A., a Florida professional association d/b/a Palm Beach Veterinary Specialists*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of *Defendant's Reply in Support of Motion to Stay Discovery and Initial Disclosures Pending Ruling on Dispositive Motion to Dismiss* were served on January 25, 2016, on all counsel or parties of record on the following Service List in the manner indicated.

              /s/ Jonathan D. Lamet

5

## Service List

*Torongo v. Roy*
Case No. 9:15-cv-81490-DMM
**U.S. District Court, Southern District of Florida**

**Counsel for Plaintiff**
(service by CM/ECF)

Christopher W. Legg, Esq.
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Tel: 954-962-2333
Fax: 954-927-2451
ChrisLeggLaw@gmail.com

Steven R. Jaffe, Esq.
Seth Lehrman, Esq.
Farmer, Jaffe, Weissing,
Edwards, Fistos & Lehrman, P.L.
425 North Andrews Avenue – Suite 2
Ft. Lauderdale, FL 33301
Tel. 954-524-2820
steve@pathtojustice.com
seth@pathtojustice.com

**Counsel for Defendant Robert G. Roy, D.V.M., M.S., P.A., d/b/a Palm Beach Veterinary Specialists**
(service by CM/ECF)

Christopher S. Carver, Esq.
Ari H. Gerstin, Esq.
Jonathan D. Lamet, Esq.
**AKERMAN LLP**
One S.E. Third Avenue – 25th Floor
Miami, FL 33131-1714
Tel.: 305-374-5600
Fax: 305-374-5095
christopher.carver@akerman.com
ari.gerstin@akerman.com
jonathan.lamet@akerman.com

Jason S. Oletsky, Esq.
**AKERMAN LLP**
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301-2999
Tel.: 954-463-2700
Fax: 954-463-2224
jason.oletsky@akerman.com