UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-81490-MIDDLEBROOKS

MARY ANNE TORONGO, on behalf of
herself and others similarly situated,

    Plaintiff,

v.

ROBERT G. ROY, D.V.M., M.S., P.A., a
Florida professional association d/b/a PALM
BEACH VETERINARY SPECIALISTS,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss the Complaint for failure to state a claim. (DE 31). Plaintiff filed a Response (DE 35), to which Defendant replied (DE 37). For reasons stated below, Defendant's Motion is granted.

### BACKGROUND[1]

Plaintiff brought her dog to Defendant Robert G. Roy's ("Dr. Roy") facility for emergency veterinary care. (DE 1 at ¶ 26, "Compl."). After her dog was treated, Plaintiff paid for the services with a credit card at the clinic. (Id. at ¶ 30). After processing the credit card, Dr. Roy's employee provided Plaintiff with a credit card receipt ("Credit Card Slip") indicating how much she paid, as well as a bill

---

[1] I rely on the allegations contained in the Complaint, as well as the two documents attached to Defendant's Motion to Dismiss. The two documents are a credit card slip and a bill for services, which are referenced in, but not attached to, the Complaint. I may consider this evidence on a motion to dismiss for failure to state a claim without converting it to a motion for summary judgment. See, e.g., Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (court may consider document attached to motion to dismiss without converting motion into one for summary judgment if attached document is (1) central to plaintiff's claim and (2) undisputed, i.e., that the authenticity of the document is not challenged). Plaintiff references two "receipts" in the Complaint (Compl. at ¶ 45) and does not challenge the authenticity of the documents attached to the Motion to Dismiss.

for services ("Bill for Services") describing the dog's treatment and cost for each line item. (*Id.* at ¶ 30, 45); (DE 31-2; 31-3). The Bill for Services included Plaintiff's name, address, and the total amount paid, and indicated that Plaintiff's account had been paid in full. (DE 31-3; Compl. at ¶ 36). It also indicated that Plaintiff made a payment with a "V/Mc" in the amount of $520.54, and listed four digits and a date. (DE 31-3). Plaintiff contends the four digits are four digits of her credit card number and that the date is the credit card's expiration date. (Compl. at ¶ 30).

On October 27, 2015, Plaintiff filed a one-count complaint against Dr. Roy, alleging a claim under the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681(c)(g). (DE 1). Specifically, Plaintiff contends Defendant violated FACTA, which prohibits printing a card's expiration date on a receipt provided to a cardholder at the point of sale or transaction. Plaintiff also filed a motion for class certification. (DE 5). Defendant filed a motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

## STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to plaintiff and take the factual allegations stated therein as true. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth.' While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purpose of determining whether a claim is legally sufficient).

## DISCUSSION

Defendant moves to dismiss the Complaint for failure to state a claim. Defendant contends that the Credit Card Slip does not violate FACTA and that the Bill for Services is not a receipt under FACTA. Alternatively, Defendant argues that, even assuming he violated FACTA, any violation was not willful, and thus Plaintiff cannot recover damages.[2]

FACTA, an amendment to the Fair Credit Reporting Act, was enacted in an effort to "protect[] consumers from identity theft." *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1306 (11th Cir. 2009). FACTA requires the "[t]runcation of credit card and debit card numbers" in certain instances:

> (1) In general
> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the

---

[2] Within his Motion to Dismiss, Defendant also seeks to strike certain allegations in the Complaint. Because this was not requested by separate motion, I decline to address this request. Defendant also moves to dismiss based on lack of Article III injury. Because I dismiss on other grounds and because Defendant's argument is precluded by Eleventh Circuit law, *see, e.g.*, *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1251 (11th Cir. 2015), I need not address this argument.

> card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.
>
> (2) Limitation
> This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.

15 U.S.C. § 1681c(g)(1)-(2). Persons violating this section are subject to civil liability. If a violation is merely negligent, a plaintiff may recover only actual identity theft damages. 15 U.S.C. § 1681o(a)(1). Where a violation is willful, a plaintiff may elect to recover either actual damages (if suffered) or statutory damages between $100 and $1,000. 15 U.S.C. § 1681n(a)(1)(A). Thus, if a plaintiff sustains no actual damages for identity theft, the plaintiff must allege that defendant's violation was willful.

Because Plaintiff does not allege actual identity theft damages, Plaintiff must adequately plead willfulness. *See* Compl. at ¶ 56 ("This suit seeks only statutory damages and injunctive relief on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.").

Willfulness encompasses both knowing and reckless violations of FACTA. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 56-60 (2007) (interpreting the meaning of "willful" in another section of the FCRA). A defendant does not act in reckless disregard "unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. Conduct is reckless if it was "objectively unreasonable" in light of "legal rules that were clearly established at the time." *Id.* at 69-70. "In determining whether an interpretation is objectively unreasonable, [the court must] assess whether the reading 'has a foundation in the statutory text' or whether the party interpreting the statute 'had the benefit of guidance from the courts of appeals' or federal regulatory agencies 'that might have warned it away from the view it took.'" *Hammer v. Sam's*

4

*East, Inc.*, 754 F.3d 492, 502 (8th Cir. 2014) (quoting *Safeco*, 551 at 69-70).

Plaintiff contends the Bill for Services violates FACTA. The Bill for Services, which was provided at the time of payment, indicates every treatment performed on Plaintiff's dog, the amount of medicine administered, and the veterinarian who performed the treatment. The Bill for Services also indicates the cost of each service, the total cost, any previous account balance, and that the account was paid in full. Finally, the Bill for Services indicates that there was one payment ("Pmnt 1") made on a "V/Mc" in the amount of $520.54, and four digits of a card number and an expiration date.

Section 1681c(g)(1)'s prohibition applies to "any receipt provided to the cardholder at the point of the sale or transaction." Plaintiff contends that the Bill for Services is a such a receipt. Plaintiff argues that "receipt" should be defined by its common usage, including a "written acknowledgment that something has been received." (DE 35 at 5, quoting Black's Law Dictionary (10th ed. 2014)). Plaintiff also relies on the word "any" before receipt in favor of construing FACTA's requirements broadly. Although the Bill for Services certainly indicates that Plaintiff has made a payment for her dog's veterinarian services, it also provides a lot of additional information, including her dog's treatment plan and medicine dosage. Indeed, Defendant separately provided a FACTA-compliant Credit Card Slip, reflecting that payment had been made.

I need not decide, however, whether the Bill for Services is a receipt under FACTA. That is because Plaintiff has not pled that Defendant knowingly violated FACTA or that Defendant's interpretation of FACTA was objectively unreasonable.

There are no factual allegations supporting Plaintiff's conclusory allegation that Defendant knew he was violating FACTA by providing Plaintiff the Bill for Services with her credit card's expiration date. In an effort to plead knowledge, Plaintiff cites to the wide publication of FACTA's requirements and credit card processing companies' (such as Visa and American Express) instructions to merchants.

Indeed, exhibit A to her Complaint is an instruction to merchants that suggests merchants should "suppress all but the last four digits of [a credit card number], and suppress the full expiration date, on the cardholder's copy of a transaction receipt created at a point of sale (POS) terminal or ATM . . . ." (DE 1-1 at 3). The additional exhibits also instruct merchants to exclude a card's expiration date on copies of "Charged Records" (DE 1-2 at 3) or on a "[t]ransaction receipt generated by an electronic [t]erminal . . . ." (DE 1-3 at 2). Plaintiff contends that Defendant knowingly ignored these instructions by including the expiration date on the Bill for Services. However, Plaintiff does not allege that the Bill for Services was generated by an electronic or point of sale terminal. The most Plaintiff alleges is that Defendant knew of FACTA and its requirement for receipts printed by an electronic or point of sale terminal. *See Crupar-Weinmann v. Paris Baguette America, Inc.*, No. 13-cv-7013, 2014 WL 2990110, at \*4 (S.D.N.Y. June 30, 2014) ("[T]o survive defendant's motion to dismiss, plaintiff's Complaint must plead sufficient facts to support a plausible inference that defendant knew that its conduct was violating [FACTA], and not simply that defendant knew about the existence of the [FACTA] provision at issue."). Indeed, Plaintiff alleges that Defendant provided a FACTA-compliant Credit Card Slip, and fails to offer any plausible reason why Defendant would comply with FACTA in one instance, and knowingly violate FACTA in the second. Thus, Plaintiff has not pled facts from which I can infer that Defendant knowingly violated FACTA.

Neither has Plaintiff pled a reckless violation of FACTA. Receipt is not defined in the statute and neither Party has cited to, and the Court is unaware of any, case law interpreting "receipt." Similarly, neither has cited to any regulatory authority defining receipt. While it would be wise for merchants to exclude more than five credit card numbers and expiration dates from all documents provided to consumers in an effort to prevent identity fraud, there is no clear legal authority as to whether a Bill for Services provided at the point of sale, in addition to a Credit Card Slip, must exclude

such information. Without such authority, I find that Defendant's reading of § 1681c(g) is not objectively unreasonable. Accordingly, Plaintiff has not pled a willful violation of FACTA. *See Safeco*, 551 U.S. at 68-71.

Accordingly, it is **ORDERED and ADJUDGED**:

(1) Defendant's Motion to Dismiss (DE 31) is **GRANTED**. Plaintiff's Complaint is **DISMISSED**.

(2) Plaintiff's Motion to Certify Class (DE 5) is **DENIED AS MOOT**.

(3) The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 6 day of April, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record